IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHRISTOPHER W. HANSEN )
9523 Baltimore Avenue )
Laurel, MD 20723 )
 )
    Plaintiff ) Civil Action No.
 )
    v. )
 )
JAMES H. BILLINGTON, )
in his official capacity as )
LIBRARIAN OF CONGRESS )
101 Independence Avenue, S.E. )
Washington, D.C. 20540 )
 )
    Defendant. )
 )

**COMPLAINT FOR RELIEF FROM DISCRIMINATION
IN FEDERAL EMPLOYMENT**

### I. Nature of the Claim

1. This is an action alleging race, age, disability, and/or reprisal discrimination in plaintiff's non-selection for promotion in violation of Title VII of the Civil Rights Act of 1974, as amended, 42 U.S.C. § 2000e-16 (Title VII); the Age Discrimination in Employment Act, 29 U.S.C. § 633a (ADEA); the Rehabilitation Act, 29 U.S.C. § 794a (Rehabilitation Act). Plaintiff also alleges that he was subjected to a hostile work environment in violation of those statutes.

2. Plaintiff seeks retroactive promotion, back pay, restoration of leave, compensatory damages, and his attorney fees.

### II. Jurisdiction and Venue

3. The Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000e-16(c) and 29 U.S.C. § 633a(c).

4. Venue lies in the District of Columbia because defendant's offices are located and plaintiff was employed by defendant in the District of Columbia.

### III. Description of the Parties

5. Plaintiff is a Caucasian citizen of the United States and a resident of the State of Maryland. Plaintiff's date of birth is March 21, 1954, and he suffers from severe depression and irritable bowel disease. At all times relevant to this Complaint, plaintiff has been employed by Defendant as a Contract Specialist, GS-12, in the Office of Contracts and Grants Management Directorate.

6. Defendant is the Librarian of Congress, a component of the government of the United States. Employees of the Library of Congress are protected by Title VII, 42 U.S.C. § 2000e-16(a); the ADEA, 29 U.S.C. § 633a(a); and the Rehabilitation Act, 29 U.S.C. § 794a. Defendant is sued in his official capacity only, and he is the named Defendant as required by Title VII, 42 U.S.C. § 2000e-16(c).

### IV. Statement of the Facts

7. As of February 2008, plaintiff had been employed with defendant for over 24 years. Plaintiff is the longest serving contract officer in the history of the Library of Congress.

8. Plaintiff has received numerous commendations for his performance during his tenure with the Library, including but not limited to

   a. a Special Achievement Award and Cash Award in 1997;

   b. a certificate of appreciation from the Office of Scholarly Program and the Law Librarian in 2000;

   c. a letter of recognition from the Law Librarian in 2002;

   d. a performance based cash Award in 2002; and

   e. a special achievement group Award in 2004.

9. Despite his credentials, qualifications, and experience, plaintiff has been unable to obtain promotion to GS-13:

a. plaintiff applied for promotion in August 2005 under vacancy announcement VA-05-0168. The selectee was an African American male who had been with the Library for about 6 months at the time of the selection;

b. plaintiff applied for promotion under VA-05-0231 in or around October 2005. The selectee was an African American who was in the first year of a 3-year temporary appointment at the Library;

c. plaintiff applied for promotion in or about late 2005 under vacancy announcement VA-05-0233. Plaintiff submitted this application after he complained about his non-selection under 05-0168 (*see* ¶ 9a, above). Plaintiff was one of three qualified candidates referred to the selecting official (African American) for an interview; the announcement was withdrawn on February 17, 2006 on the ground the candidates were "unworthy";

d. plaintiff applied for promotion in 2006 under vacancy announcement VA-06-0078. The selectee was an African American male who had no contracting experience with the Library.

10. Plaintiff's superiors created a hostile work environment for plaintiff based upon his disability:

a. For several years, plaintiff had worked a flexible work schedule with alternate Mondays off. Plaintiff's superiors withdrew the flexible schedule although plaintiff's doctors recommended against it, although Defendant provides for accommodation of employees with disabilities, and although Defendant's Health Services Officer confirmed that plaintiff was a disabled employee;

b. plaintiff's doctors requested that to accommodate his depression, plaintiff be permitted to work his former work schedule and that he be transferred to another position. These accommodation requests were denied;

c. plaintiff's superiors temporarily granted resumption of plaintiff's flexible schedule, and then again withdrew it.

**Exhaustion of Remedies**

11. Plaintiff filed a discrimination complaint with the Library on February 5, 2006 regarding his non-selection under VA-05-0168. Defendant designated the complaint No. 06-11.

12. Plaintiff filed a second discrimination complaint with the Library. Defendant designated the complaint No. 06-31.

13. On October 2, 2006, plaintiff filed a third discrimination complaint with the Library regarding a pattern and practice of not selecting him for promotion since September 2005, and for reprisal for his filing of complaints Nos. 06-11 and 06-31. Defendant designated the complaint No. 07-01.

14. Following a hearing, on February 5, 2008 the hearing examiner issued a decision finding that defendant retaliated against plaintiff when it withdrew the vacancy advertised under announcement 05-0233. The hearing examiner also held in the decision that defendant did not discriminate against plaintiff when it did not select him for the other vacancies.

15. On April 7, 2008, defendant sent to plaintiff a final decision regarding plaintiff's claims of discrimination and/or reprisal.

a. the Library disagreed with and rejected the hearing examiner's finding that the Library retaliated against plaintiff when it withdrew vacancy 05-0233;

b. the Library disagreed with the hearing examiner's finding that plaintiff's claims regarding his non-selections were timely;

c. the Library agreed with the hearing examiner's findings that the Library did not discriminate against plaintiff when he was not selected for the challenged vacancies.

16. This action is timely filed within 90 days of plaintiff's receipt of the defendant's final decision on his complaint. 42 U.S.C. § 2000e-16.

## STATEMENT OF THE CLAIM

### COUNT 1: RACE DISCRIMINATION

17. Incorporating the foregoing facts, plaintiff alleges that he was discriminated against because of his race in violation of Title VII when he was not selected for the GS-13 Contract Specialist vacancies for which he applied in 2005 and 2006.

18. As the result, plaintiff is entitled to retroactive promotion, back pay, compensatory damages, and attorney fees.

### COUNT 2: AGE DISCRIMINATION

19. Incorporating the foregoing facts, plaintiff alleges that he was discriminated against because of his age in violation of the ADEA when he was not selected for the GS-13 Contract Specialist vacancies for which he applied in 2005 and 2006.

20. As the result, plaintiff is entitled to retroactive promotion, back pay, and attorney fees.

### COUNT 3: DISABILITY DISCRIMINATION

21. Incorporating the foregoing facts, plaintiff alleges that he was subjected to a hostile work environment because of his disability in violation of the Rehabilitation Act when his superiors withdrew, granted, and then withdrew again the flexible schedule which he had been granted.

22. As the result, plaintiff is entitled to restoration of the flexible schedule as recommended by his doctors, compensatory damages, and attorney fees.

### COUNT 4: RETALIATION

23. Incorporating the foregoing facts, plaintiff alleges that the Library retaliated against him because of his protected complaint activity when the Library canceled the vacancy announcement 05-0233.

24. As the result, plaintiff is entitled to retroactive promotion, back pay, compensatory damages, and attorney fees.

### **PRAYER FOR RELIEF**

Wherefore, plaintiff requests that the Court:

a. Declare that defendant's conduct illegally discriminated and/or retaliated against plaintiff;

b. Enjoin defendant from further acts of discrimination and/or retaliation against plaintiff;

c. Award plaintiff all equitable relief, including retroactive promotion and back pay, to which he may be entitled;

d. Award plaintiff compensatory damages to which he may be entitled;

e. Award plaintiff attorney fees as part of his costs; and

f. Award plaintiff all other equitable and/or legal relief to which he may be entitled based upon the evidence.

### **JURY DEMAND**

Plaintiff demands a jury for all claims triable to the jury.

## VERIFICATION

Under penalty of perjury, I swear that the foregoing factual statements are true and correct to the best of my knowledge.

June 30, 2008
Date

Christopher W. Hansen
Christopher W. Hansen

Respectfully submitted,

George M. Chuzi, Esq.
D.C. Bar 336503
KALIJARVI, CHUZI & NEWMAN, P.C.
1901 L Street, N.W. Suite 610
Washington, D.C. 20036
Tel: (202) 331-9260
FAX: (866) 455-1504

Counsel for Plaintiff



**THE LIBRARY OF CONGRESS**
101 INDEPENDENCE AVENUE, S.E.
WASHINGTON, D.C. 20540–1050

OFFICE OF THE GENERAL COUNSEL

April 7, 2008

Christopher Hansen
Library of Congress
101 Independence Ave., SE
Washington, DC 20540

    Re:    Final Agency Decision regarding EEO Case No. 06-11 and 07-01

Dear Mr. Hansen:

    On March 14, 2008, I forwarded to you the Library's final agency decision regarding the above-referenced EEO Cases. That decision did not include a notification of the mandatory time period concerning your appeal rights. This information is included in the statutory authority cited in the prior decision and, ultimately, you are responsible for knowing your rights and any correlating limitations; however, the Library has determined that it would be in the best interest of all parties to notify you of these time requirements. Accordingly, the attached final agency decision supercedes that which you previously received.

    If you have any questions, please contact me at 7-7193 or msko@loc.gov.

Sincerely,

Meredith Skowronski
Assistant General Counsel


Enclosure

cc:    Ricardo Grivjalva, Chief, EEOCO

**THE LIBRARY OF CONGRESS**

| | |
|---|---|
| In the Matter of: | ) |
|  | ) |
| CHRISTOPHER HANSEN | ) |
|     Complainant | ) |
|  | ) |
| v. | ) |
|  | )    EEO Case Nos. 06-11, 07-01 |
| THE LIBRARY OF CONGRESS | ) |
|     Agency | ) |
|  | ) |

**FINAL AGENCY DECISION**

    The Librarian of Congress has delegated to the undersigned the authority, pursuant to Section 11, LCR 2010-3.1, to render the final agency decision in the above referenced matter.[1]

    I have carefully reviewed the recommendation from the Hearing Examiner and I concur in her findings regarding the first complaint listed above (EEO Case No. 06-11), that you have not met your burden of proof in support of your allegations of discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination Act of 1967. Accordingly, your claims of discrimination with respect to Case 06-11 are dismissed.

    I have also carefully reviewed the recommendation from the Hearing Examiner regarding the second complaint (EEO Case No. 07-01) and disagree with her findings regarding your allegations of a pattern and practice of discrimination and retaliation in violation of Title VII. Specifically, with regard to Case No. 07-01, I agree that you did not provide sufficient statistical evidence or comparative data to show a "pattern and practice of discrimination." Furthermore, I agree that you did not meet your burden to prove retaliation for your non-selection for vacancy announcement 06-0078. However, I do not agree that your claims with respect to vacancy announcements 05-0126, 05-0214, 05-0233, and 05-0231 were timely filed. Because you failed to timely file your complaints of discrimination regarding the foregoing vacany announcements, the Hearing Examiner erred in considering any claims related to your non-selections for these vacancies. Even if your claims regarding the above vacancies had been timely filed, I would disagree with the Hearing Examiner's finding that the Library's cancellation of vacancy announcement number 05-0233 was motivated by discrimination, retaliation, or any other illegal motive prohibited by Title VII, because the evidence shows that the Library had a legitimate business reason for cancelling the vacancy and you did not show that the Library's reason was a pretext for retaliation. Accordingly, your claims of discrimination and retaliation with respect to Case No. 07-01 are dismissed.

---

[1] On November 21, 2006, Special Announcement 06-6 announced the appointment of the Chief Operating Officer of the Library of Congress, effective January 1, 2007. Accordingly, the Chief Operating Officer assumed the authorities and responsibilities currently delegated to the Deputy Librarian under Library regulations.

## APPEAL RIGHTS

Should you be dissatisfied with this final agency decision, you have the right to file a civil action regarding the foregoing complaints of discrimination in the appropriate U.S. District Court within ninety (90) days of your receipt of this decision. If you are not represented by an attorney and wish to be, you may apply to the U.S. District Court where your civil action is filed. The Court may appoint an attorney in such circumstances as the Court deems just, pursuant to law. 42 U.S.C. 2000e-5(f)(1).

If it is necessary for you to decide on whether to pursue appeal of this dismissal in U.S. District Court, the entire file--unless already provided to you or your representative during the administrative hearing process--of the complaint of discrimination in the foregoing cases shall be made available by the Library's Equal Employment Opportunity Complaints Office to you or your representative.

This final agency decision is given

This 3rd day of April, 2008

Jo Ann Jenkins
Chief Operating Officer

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
CHRISTOPHER W. HANSEN

88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Kalijarvi, Chuzi & Newman, P.C.
1901 L Street, N.W. Suite 610
Washington, D.C. 20036
Tel: (202) 331-9260

## DEFENDANTS
JAMES H. BILLINGTON
LIBRARIAN OF CONGRESS (official capacity)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

Case: 1:08-cv-01133
Assigned To : Collyer, Rosemary M.
Assign. Date : 6/30/2008
Description: Employ. Discrim.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ⦿ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| ○ G. *Habeas Corpus/ 2255* | ☒ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
42 U.S.C. 2000e-16, Discriminatory non-promotion and reprisal; hostile work environment

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 6·30·08   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.